**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 97-4994

ANDREW LINWOOD WOODSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-74)

Submitted: August 18, 1998

Decided: September 22, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen T. Harper, Bradford F. Johnson, JOHNSON & WALKER,
P.C., Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Mark Healy Bonner, UNITED STATES DEPART-
MENT OF JUSTICE, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andrew Woodson entered a conditional plea of guilty to a charge of violating 21 U.S.C. § 841 (1994). His plea reserved his right to challenge on appeal the district court's denial of his motion to suppress evidence. The circumstances leading to the discovery of the inculpatory evidence arose on the evening of November 16, 1996. Richmond police officers Michael Musselwhite, John O'Conner and John O'Kleasky were patrolling in their vehicle near Decatur Street, known by police to be an open-air drug market. As they approached 1917 Decatur, they observed Woodson standing and conversing with another individual next to a van parked in front of the residence. The officers were familiar with Woodson, having arrested him approximately five months earlier and having had contact with him about once a week since that time.

The officers noticed that when Woodson saw them, he abruptly broke off his conversation and broke into a very fast walk or slow run toward the porch of the residence. The officers pulled over and got out of the car. Officer O'Connor yelled, "hey, how's it going?" Woodson turned toward the police, who could then see marijuana cigarettes protruding from his closed fist. Officer O'Conner then said, "hey, man, if that's all you got is a little weed, maybe we can give you a break." The district court credited the officers' testimony that Woodson then said, "all right," and dropped the cigarettes and the keys to the van which he held in his other hand to the ground.

The officers then arrested Woodson and searched him. During the search they found over $1200 in cash, a plastic bag containing a large off-white chunk of material later determined to be crack cocaine, together with a razor blade, marijuana, two packets of rolling papers, and a pager. The cigarettes Woodson dropped to the ground proved to contain marijuana.

2

Following a hearing, the district court denied Woodson's suppression motion, which argued that all the incriminating evidence against Woodson was the product of an illegal search and seizure. The district court held that the officers did not need a reasonable articulable suspicion to merely approach Woodson, and that once they saw the marijuana cigarettes in his hand, they had probable cause to arrest him. All evidence discovered after that point was recovered pursuant to a search that was incident to a lawful arrest.

On appeal, Woodson avers that when the officers approached and surrounded him on his front porch, they effectively seized him, invoking Fourth Amendment protections. He contends that at the time he was seized, the officers lacked an objectively reasonable articulable suspicion that any criminal activity was afoot. Hence, all evidence acquired after this point was the fruit of the poisonous tree.

In reviewing the denial of a motion to suppress evidence, we review the district court's factual findings for clear error, and its ultimate suppression decision de novo. United States v. Gordon, 895 F.2d 932, 937 (4th Cir. 1990). A person is seized when, under all the surrounding circumstances, a reasonable person would not feel free to leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980). A person is not seized within the meaning of the Fourth Amendment when he is merely approached by law enforcement officers in public and asked questions to which he is willing to listen. Florida v. Royer, 460 U.S. 491, 497 (1983). Examples of circumstances that might indicate a seizure include the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled. Id.

Woodson alleges that the officers in this case wore uniforms and badges, and displayed their weapons. Coupled with the fact that the officers regularly stopped to talk to him, Woodson argues that a reasonable person in his position would not have felt free to leave. The record does not support, however, Woodson's allegation in his brief that the officers "displayed" their weapons. The assertion appears to stem from an officer's affirmative response at the hearing to an inquiry by counsel as to whether his gun could be"seen." There was no indication that any officer ever took his gun out of its holster.

3

Given the absence of any display of weaponry, the factors discussed in <u>Mendenhall</u> do not weigh in favor of a finding that the officers seized Woodson merely by approaching him. Although Woodson testified that one of the officers held his left arm and asked him to open his hands, the district court could properly discredit this testimony and accept the officers' version of the events, particularly since the district court found other parts of Woodson's testimony "inherently incredible," such as his claim that the $1200 found on his person came from washing cars. Moreover, Woodson articulates no compelling reason why familiarity with the officers would make a reasonable person feel that he was not free to leave.

Law enforcement officers may lawfully arrest an individual without a warrant for any offense committed in their presence. <u>See United States v. Watson</u>, 423 U.S. 411, 418 (1976). We therefore agree with the district court that when the officers observed that Woodson possessed marijuana, they had the right to arrest him. Further, after making a valid arrest, the officers had the right to search Woodson incident to that arrest. <u>See New York v. Belton</u> , 453 U.S. 454, 461 (1981).

Woodson also asserts that his dropping the marijuana amounted to a nonverbal confession, which was elicited without proper warnings under <u>United States v. Miranda</u>, 384 U.S. 436 (1966). We agree with the Government's position on appeal, however, that this conduct was irrelevant because at the point it occurred the officers had already seen the marijuana in Woodson's hand. Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4